The opinion of the court was delivered by
Duncan, J.,
(Tilghman, C. J. being absent.) How far a verdict would cure the alleged defect of the want of averment in the declaration of deed acknowledged, and tendered by the plaintiff below, defendant in error, or whether an award from which there is no appeal, would have the like operation as a verdict, it is unnecessary to decide, because it is the opinion of the court, such previous act is not necessary on a sale by the sheriff. The purchaser, on the property being struck down to him, is, immediately, answerable to the sheriff, who is not bound to wait until the return of the writ, for if the purchaser does not pay, he may immediately put it up again and return it to the first bidder.
It is a cash sale, the money, unless the conditions make other provisions, to be paid down. The acknowledgment of the deed is not a concomitant or precedent act, but always subsequent. The payment of the money, and acknowledgment and delivery of the sheriff’s deed are not dependent, because to be done at different times. The promises are mutual and independent. There is no other rule on this subject than the evident sense and meaning of the parties. Their precedence must depend on the order of time in which the intent of the parties requires their performance. The plaintiff' in error was bound to perform his part, payment of the money, instanter. The sheriff could not, nor was he bound to make and acknowledge the deed before the return day of the writ. The day of payment happened before this could be performed, and according to all the decisions, the vendor might sue for the money before he made the assurance. 7 Co. 106. 1 Vent. 147. 1 Saund. 119. In Grenough v. Hart. 7 Serg. Rawle, this point was in terms decided.
The second error assigned is, that it does not appear that either of the parties, or any of them attended before the arbitrators, or that any testimony or allegation was submitted to them, or any *208 thing examined, or that the arbitrators were sworn or affirmed. It would be a most unnatural presumption, that arbitrators voluntarily and wantnly decided the cause of the parties in their absence, and without any proof. They met on the day of their appointment. This appears on the face of the report. It may be prudent for arbitrators to set out in the report that they were sworn or affirmed. If they were not qualified, that was a ground to be taken in the Common Pleas, a matter of fact to be made out by affidavit. But the omission to state it does not prove the fact, that they were not sworn or affirmed, and consequently, vitiate the award. It is not an error appearing on the record, and therefore, the judgment is to be affirmed.
Judgment affirmed*